[Civ. No. 10118. Second Appellate District, Division One.—June 3, 1935.]

In the Matter of the Estate of KICHITARO MIYAGISHIMA, Deceased. THE SUMITOMO BANK, LTD., et al., Appellants, v. SHUU MIYAGISHIMA, Administratrix, etc., Respondent.

Marcel E. Cerf, Henry Robinson and Herbert A. Leland for Appellants.

Ray L. Smith for Respondent.

CONREY, P. J.—Kichitaro Miyagishima, a resident of the county of Los Angeles but of Japanese nationality, died at Los Angeles, California, on the twenty-second day of January, 1928. Surviving him were his wife Shuu Miyagishima, residing at Los Angeles, and Jiro Miyagishima, his son, residing in Japan. Decedent left no property in the state of California other than the claim or account hereinafter described, and he left no will.

On petition of the widow, filed in the Superior Court of Los Angeles County, she was appointed administratrix of the estate. After various proceedings in the course of administration, the administratrix filed her final account and petition for distribution in which she described the property of the estate as follows:

"That the deceased died on January 22, 1928, in the county of Los Angeles, state of California, where he had been a resident and where he engaged in business from 1904 until the date of his death. That prior to his death, while engaged in business in Los Angeles, California, the deceased and the administratrix herein, being husband and wife, by

their mutual efforts earned and saved certain monies which the deceased caused to be deposited in the Sumitomo Bank, Ltd., in exchange for which the Los Angeles Branch of said bank issued to, and in the name of, the deceased, its receipts therefor.

"The first of these deposits was made November 9, 1925 and is evidenced by receipt #2187 of the said Sumitomo Bank, Ltd., in which the said deposit is referred to as 4164.82 yens.

"The second and last of these deposits was made February 21, 1927 and is evidenced by receipt #3336 of the said Sumitomo Bank, Ltd., in which the said deposit is referred to as 2417.10 yens.

"That these deposits as evidenced by the said receipts comprise the entire estate of the deceased herein."

To said account and petition, appellant Sumitomo Bank, Ltd., Los Angeles branch, filed its written opposition, whereby it objected to the making of any order whatsoever with respect to the distribution or disposition of said estate. When the matter came on for hearing, the court ordered: " . . . that the said opposition be and it is hereby stricken from the files on the ground that said bank is not a proper party to this probate proceeding and the court has no jurisdiction in this proceeding to enter judgment against said bank on the merits and the court therefore strikes said opposition (so called) and refuses to hear any evidence in support thereof".

The court after hearing evidence approved the account and disposed of the assets of the estate as follows: "It is hereby ordered, adjudged and decreed that the first and final account of the administratrix is hereby approved, allowed and settled and that the entire estate of the deceased, consisting of a claim, evidenced by receipt #2187 and receipt #3336 as referred to in the petition for distribution, against the Sumitomo Bank, Ltd., Los Angeles Branch, is hereby distributed to Shuu Miyagishima, widow of the above named deceased."

The present appeal is from the strike order and from the decree of distribution. The notice of appeal states that the appeal is taken by "The Sumitomo Bank, Ltd., Los Angeles Branch, and Jiro Miyagishima, sometimes called Niro Miyagishima".

The written opposition, to which we have referred, was filed by the bank alone and not by the son, Jiro. There was

no appearance made by the son in the superior court prior to the proceedings for a bill of exceptions. Among the facts alleged in the opposition to hearing petition, it is there stated that the receipts referred to in the petition did not evidence any deposit of money in the bank. On the contrary, appellant alleged that the money was received by appellant from the decedent to be transmitted to "The Sumitomo Bank, Ltd., Osaka, Japan, in order that there might be issued by said bank, at Osaka, a certificate of deposit for said sum payable to said decedent at Osaka upon the surrender of said certificate of deposit"; that in fact the money was thus transmitted to the bank in Japan, which issued its receipt therefor directly to decedent. It was further alleged that by the laws of Japan the son is the sole heir of decedent; "that previous to the filing of the said petition for final distribution, a court of competent jurisdiction of the Empire of Japan assumed jurisdiction over the estate of said decedent with respect to the said moneys on deposit with the said The Sumitomo Bank, Ltd., at Osaka, Japan, and in the exercise of said jurisdiction distributed the said money to the said son of said decedent".

It was also alleged that " . . . by a judgment of a court of competent jurisdiction of the Empire of Japan, it was duly decreed that all of said property and estate descended to said son and belongs to him, and that it be paid and delivered to said son, and in due pursuance of the execution of said judgment, all of said property and estate have been paid and delivered to said son".

▉ The strike order is not an appealable order. (Probate Code, sec. 1240.) But if the court erred in making that order, such error may be considered in connection with the appeal from the decree of distribution. (Probate Code, sec. 1242, subd. 2; Deering's 1933 Supp., p. 209.)

▉ We are convinced that appellant bank is not entitled to hearing on its proposed opposition to the petition for distribution. It was not an heir of decedent. It was not a creditor of the estate. It had no lien upon or interest in any property of the estate. The decree of distribution could not add to the claim against the bank any element of validity which it did not theretofore possess, nor could such decree take away any defense of the bank against an action to recover on that claim. An administrator has no right to bring

debtors before the probate court for judgment against them. How then may one who is a debtor, or who fears that he may be sued as debtor, be entitled for that reason, to interfere in a matter of distribution, whereby the probate court merely determines as between those claiming as heirs, their respective relationships and rights? The court did not err in striking from the files the opposition of appellant bank. This leaves the bank without any ground of appeal.

 The appellant Jiro Miyagishima has not shown that the decree is erroneous as against him. He had made no appearance in opposition, and on its face the decree was correct.

The appeal from the strike order is dismissed. The decree of distribution is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 26, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 1, 1935.